UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6135 CR-FERGUSON**

21 U.S.C. § 963
21 U.S.C. § 952(a)
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA,

v.

STEVEN FELIX ANGELET,
a/k/a "Ulysses,"

Defendant



## INDICTMENT

The Grand Jury charges that:

### COUNT I

From in or about October 1999, to on or about April 5, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

STEVEN FELIX ANGELET,
a/k/a "Ulysses,"

did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), all in violation of Title 21, United States Code, Section 963.

## COUNT II

From in or about October 1999, to on or about April 5, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

STEVEN FELIX ANGELET,
a/k/a "Ulysses,"

did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

## COUNT III

On or about April 5, 2000, in Broward County, in the Southern District of Florida, the defendant,

STEVEN FELIX ANGELET,
a/k/a "Ulysses,"

did knowingly and intentionally attempt to possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine,

in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
ROGER W. POWELL
ASSISTANT U.S. ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA            CASE NO. _____

v.                                  **CERTIFICATE OF TRIAL ATTORNEY***

STEVEN FELIX ANGELET                **Superseding Case Information**:

**Court Division:** (Select One)    New Defendant(s)    Yes ___   No ___
                                    Number of New Defendants  ___
___ Miami  ___ Key West             Total number of counts    ___
X   FTL    ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) NO _____
   List language and/or dialect _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                        (Check only one)

   I    0 to 5 days       X____    Petty       ____
   II   6 to 10 days      ____     Minor       ____
   III  11 to 20 days     ____     Misdem.     ____
   IV   21 to 60 days     ____     Felony      X____
   V    61 days and over  ____

6. Has this case been previously filed in this District Court? (Yes or No) NO
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?(Yes or No) YES _____
   If yes:
   Magistrate Case No.  00-4107-SELTZER _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of 5/11/00 _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) ____ NO _____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No    If yes, was it pending in the Central Region? ___ Yes ___ No

*Roger W. Powell* (signature)
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 341411

*Penalty Sheet(s) attached                                    REV.4/7/99

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:  STEVEN FELIX ANGELET    No.: _____

Magistrate Case No.: 00-4107-SELTZER

**Count #:1**
Conspiracy to Import Cocaine

Title 21, United States Code, Sections 952 and 963

*Max. Penalty: Life Imprisonment; and a $4,000,000 fine

**Count #: 2**
Conspiracy to possess with Intent to Distribute

Title 21, United States Code, Sections 841(a)(1) and 846

*Max. Penalty: Life Imprisonment; and a $4,000,000 fine

**Count #: 3**
Attempt to Possess Cocaine with Intent to Distribute

Title 21, United States Code, Section 841(a)(1) and 846

*Max. Penalty: Life Imprisonment; and a $4,000,000 fine

**Count #:**

*Max. Penalty:

**Count #:**

*Max. Penalty:

**Count #:**

*Max. Penalty:

1 of 1
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

No. FL 04160

# UNITED STATES DISTRICT COURT

<u>Southern</u> District of <u>Florida</u>

Central Criminal Division

THE UNITED STATES OF AMERICA

vs.

STEVEN FELIX ANGELET,

## INDICTMENT

21 USC §963
21 USC §952 (a)
21 USC §846
21 USC §841(a)(1)

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 19 __

_____
Clerk

Bail, $ _____

UNITED STATES OF AMERICA
SOUTHERN DISTRICT COURT

CASE NO. 00-7107- Seitz

UNITED STATES OF AMERICA,

v.

Steven Anpelet

**NOTICE OF TEMPORARY APPEARANCE AS COUNSEL**

FILED
MAY 1 6 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

COMES NOW __MANUEL VAZQUEZ__

files this temporary appearance as counsel for the above named defendant(s) at initial appearance. This appearance is made with the **understanding** that the undersigned counsel will fulfill any **obligations imposed** by the Court such as **preparing and filing documents** necessary to collateralize any **personal surety bond** which may be set.

Counsel's Name (Printed) __MANUEL VAZQUEZ__

Counsel's Signature __Manuel V.__

Address __2655 S. LeJeune Rd 506__
__Coral Gables__     ZIP CODE: __33134__

Telephone __(305) 441-1348__

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-4107-SELTZER

UNITED STATES OF AMERICA

    Plaintiff,

v.

STEVEN FELIX ANGELET
    Defendant.
_____/

**ORDER ON INITIAL APPEARANCE**
Language ENGLISH
Tape No. 00G50-3360
AUSA _Angel Cortinas_
Agent USMS

DOB 5/24/50    # 95930-004

The above-named defendant having been arrested on _____ having appeared before the court for initial appearance on 5/15/00
and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:

1. _Manny Vasquez_ appeared as permanent/temporary counsel of record.
Address: _____
Zip Code: _____  Telephone: _____

2. _____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____  Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _May 25 (Ft. Lauderdale)_, 2000.

4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am _May 25 (Ft. Laud)_, 2000.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _gov't request 3 days_ (Ft. bond.)
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am _May 18_, 2000.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminal

STEVEN FELIX ANGELET

___ j. Comply with the following additional special conditions of this bond:
_____

This bond was set: At Arrest _____
       On Warrant _____
       After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____
_____

____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 15TH day of MAY, 2000.

              _____
              WILLIAM C. TURNOFF
              **UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
 Defendant
 Counsel
 U.S. Marshal
 Pretrial Services/Probation

# *United States District Court*

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

V.

STEVEN FELIX ANGELET

**WARRANT FOR ARREST**

CASE NUMBER: 00-4107-Seltzer

TO: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ STEVEN FELIX ANGELET _____
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

| |Indictment | | |Information | X |Complaint | | |Order of court | | |Violation Notice | | |Probation Violation Petition

charging him or her with (brief description of offense)

CONSPIRACY TO IMPORT COCAINE AND POSSESSION WITH INTENT TO DISTRIBUTE COCAINE

in violation of Title 21 United States Code, Section(s) 952, 963 and 841(a)(1)

**BARRY S. SELTZER**
Name of Issuing Officer

**UNITED STATES MAGISTRATE JUDGE**
Title of Issuing Officer

Issuing Officer

May 12, 2000 — Ft. Lauderdale
Date and Location

Bail fixed at $ **PRETRIAL DETENTION**

by **BARRY S. SELTZER**
**UNITED STATES MAGISTRATE JUDGE**
Name of Judicial Officer

---

**RETURN**

This warrant was received and executed with the arrest of the above named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

**THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:**

DEFENDANT'S NAME:  STEVEN FELIX ANGELET
ALIAS: _____

LAST KNOWN RESIDENCE: _____

LAST KNOWN EMPLOYMENT: _____

PLACE OF BIRTH: _____

DATE OF BIRTH: _____

SOCIAL SECURITY NUMBER: _____

HEIGHT: _____     WEIGHT: _____

SEX: _____     RACE: _____

HAIR: _____     EYES: _____

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS: _____

FBI NUMBER: _____

COMPLETE DESCRIPTION OF AUTO: _____

INVESTIGATIVE AGENCY AND ADDRESS:  DEA, 1475 W. CYPRESS CREEK RD., STE. 301, FT. LAUDERDALE, FL 33309

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **CRIMINAL COMPLAINT** |
| STEVEN FELIX ANGELET | CASE NUMBER: $00-4107$ |

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __April 5, 2000__ in _____Broward_____ County, in the

__Southern__ District of _____Florida_____ defendant(s) did, (Track Statutory Language of Offense) (describe)

knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Government to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, and attempted to possess cocaine with the intent to distribute the cocaine,

in violation of Title __21__ United States Code, Section(s) __952, 963 and 841(a)(1)__

I further state that I am a(n) __Special Agent, Drug Enforcement Admin.__ and that this complaint is based on the following facts:

Official Title

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
Jeffrey Kallal, Special Agent
Drug Enforcement Administration

The Court finds probable cause.
Sworn to before me, and subscribed in my presence,

May 12, 2000                              at  Fort Lauderdale, Florida
Date                                              City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer           Signature of Judicial Officer

AFFIDAVIT

I, Jeffrey G. Kallal, being duly sworn, depose and state:

1.  I am a Special Agent employed by the United States Drug Enforcement Administration (DEA), assigned to the Miami Field division, Group One, Miami, Florida, and have been so employed for approximately two (2) years and seven (7) months. During the course of my employment with the DEA, I have graduated from DEA's Basic Agent School, received specialized training in narcotics and dangerous drug enforcement, and have participated in numerous narcotics and money laundering investigations.

2.  In connections with this investigation, I have spoken with and received reports of other law enforcement agents. This affidavit is based upon the results of my own participation in this investigation as well as that of other law enforcement agents and is just a synopsis of the evidence gathered to date to establish probable cause.

3.  Since October of 1999, Edgar Jose Duarte, Ramon Perdomo, Camilo Gomez and Steven Felix ANGELET have met on several occasions with government confidential informants, that have provided reliable information in the past, to discuss the importation of cocaine from Colombia into the United States.

4.  On December 14, 1999, Steven Felix ANGELET, a/k/a "Ulysses," Camilo Gomez and two confidential sources met to discuss the importation of 50 kilograms of cocaine into Fort Lauderdale,

Florida from Colombia, South America concealed in a shipping container. In this tape recorded meeting, ANGELET advised the confidential sources that he wanted to conceal the cocaine utilizing false flooring in the shipping container dropped at Port Everglades. ANGELET planned to ship toys from South Florida down to Colombia in the container to be used as cover for the cocaine concealed in the false floor on the return importation. ANGELET promised the confidential sources a $1,000 per kilogram of cocaine as payment for each successfully importation.

5    On December 21, 1999, Camilo Gomez gave the confidential sources $500 in cash as a gift from Steven Felix ANGELET, a/k/a "Ulysses," to show his good faith and trust in the upcoming drug importation. Gomez advised the confidential sources that ANGELET also gave him $500 as well. Confidential source number 2 surrendered the $500 to Drug Enforcement Agents and U.S. currency has been counted and seized as drug proceeds.

6.    On January 5, 2000, Steven Felix ANGELET, a/k/a "Ulysses," Camilo Gomez and the two confidential sources again met to discuss the importation of cocaine and this time the amount was between 25 and 50 kilograms of cocaine. The plan still called for the drugs to be concealed in a shipping container coming into Port Everglades, Fort Lauderdale from Colombia. In this tape recorded meeting, ANGELET advised the confidential sources that if the first shipment of cocaine was successfully imported through Port Everglades he would increase the cocaine amount to between 150 and 200 kilograms per shipment. ANGELET advised the confidential sources that he no longer wanted to use toys to conceal the cocaine. ANGELET now wanted to utilize old appliances that would be shipped in the container down to Colombia and the container would be returned to Fort

2

Lauderdale filled with cheap wicker furniture and the cocaine concealed in the false bottom.

7.  On the night of April 4, 2000, Duarte advised confidential source number 1, that a ship was coming into Port Everglades on April 5, 2000, with a container holding a box of 28 kilograms of cocaine. On April 5, 2000, your affiant picked up the box of cocaine from U.S. Customs at Port Everglades and had the substance in the box field tested which proved positive for 28 kilograms of cocaine. Your affiant then switched the cocaine in the box with fake cocaine and delivered the box to the confidential source, who in turn was to meet with Duarte at the Sheraton Hotel on Griffin Road in Dania, Florida. On April 5, 2000, your affiant observed at approximately 6:30 p.m., Edgar Jose Duarte and Ramon Perdomo arrive at the Sheraton Hotel, located at 1825 Griffin road, Dania, Florida and meet with the confidential source in the parking lot. At that time, Duarte took possession of the box containing the fake cocaine (later determined to contain twenty-eight (28) kilograms of cocaine) from the confidential source.

8   Once Duarte placed the box of cocaine into the rear cargo area of Perdomo's vehicle, they were arrested without incident by DEA Miami Group One.

9.  Edgar Duarte, is now cooperating and would testify to the above incidents and to the fact that Steven Felix ANGELET was the ultimate recipient of the 28 kilograms of cocaine. Duarte would further testify that ANGELET was going to distribute the cocaine through his established networks in South Florida and New York.

3

10. Wherefore, your affiant believes there is probable cause to assert that Steven Felix ANGELET did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Government to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, and attempted to possess cocaine with the intent to distribute the cocaine, in violation of Title 21, United States Code, Sections 952, 963 and 841(a)(1).

AFFIANT FURTHER SAYETH NAUGHT

SPECIAL AGENT JEFFREY G. KALLAL
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before
me this 10th day of May, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE